COMPTON *v.* PHOENIX MUT. LIFE INS. CO.

(*Nashville*, December Term, 1940.)

Opinion filed February 15, 1941.

WINCHESTER & BEARMAN and JOHN S. PORTER, all of Memphis, for complainant.

EVANS, EVANS & CRESON, of Memphis, for defendant.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

This is a suit on a life insurance policy. The chancellor dismissed the bill for the reason that the policy lapsed for nonpayment of premium on July 19, 1939. Insured died on August 4, 1939.

The policy was issued on September 7, 1935, on the life of Paul Compton, for the sum of $5,000, and provided for a monthly premium of $23.75. The policy provided that the insured, at the end of each year, was to participate in the surplus. It also contained the standard provisions for cash or loan values, participating paid-up insurance, and automatic extended insurance, after the policy had been in force for two years; furthermore, that these values were to be decreased by any indebtedness which insured owed the Company.

The policy was kept in force and the premiums paid either in cash or by charging said premiums as they became due as an indebtedness against the policy, in accordance with its provisions, until June 7, 1939. Prior to the latter date the insured had borrowed on the policy

212

all of the cash or loan value except $9.50. So that, when the monthly payment of $23.75 became due on June 7, 1939, the insured could not or did not pay it; but he had $9.50 to his credit, which the Company applied on the premuim and which kept the insurance in force until June 18, 1939. By this procedure the entire cash or loan value on the policy was consumed; and the insured paid no part of the premium and had nothing to his credit with the Company to further extend the life of the policy other than the thirty-one day grace period, which kept it in force until July 19, 1939, at which time the policy lapsed. The application of this $9.50 on the premium was made by the insured before the policy lapsed in accordance with the "Premium Liens" provision of the policy which is as follows:

"On receipt of a satisfactory request in the application herefor or at any time while this policy is in force and not lapsed, the Company will, until such request is satisfactorily revoked, keep this policy in force by charging up thereafter against this policy each premium and interest payment falling due two years or more from the date hereof as it becomes due (if it be not paid in cash) until such accumulated indebtedness, with interest, equals or exceeds the cash value hereunder, when this policy shall immediately cease and become void, subject, however, to the notice of termination described in the preceding provision."

■■ It is the contention of complainant that under this provision the Company obligated itself to lend to the insured the premium then due of $23.75. To this we are unable to agree. We see no ambiguity whatsoever in this feature of the agreement, which plainly limits the premium or premiums which the Company agrees to advance to the extent of the cash value of the policy. To

hold otherwise would run counter to section 6179 of the Code, which provides that all premiums shall be paid in advance. Counsel for complainant have cited us to no authority construing such a provision in accordance with their contentions; and such an interpretation, in our opinion, would violate the fundamental principles of this character of indemnity.

It is further insisted on behalf of the complainant that the Company, by accepting a partial payment of the monthly premium due on June 7, 1939, waived its right to declare a forfeiture for failure to pay the balance of that premium. The Company did not waive anything, but simply complied with its contract of keeping the policy in force to the extent and so long as there was any cash or loan value available for that purpose; and when this value was consumed, the policy lapsed under and by virtue of its express terms. On June 19, 1939, the Company, in conformity with the requirements of the policy, notified the insured that his policy had lapsed and would become void at the expiration of thirty-one days, unless within that time the premium was paid or a deposit made to the credit of the cash value of the policy. The insured took no steps to keep this policy in force; so that, at the time of his death, the policy had become ineffectual.

For the reasons stated herein the decree of the chancellor will be affirmed.